MDR

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Martin Moreno Ruiz,                           )    No. CV 07-743-PHX-DGC (JJM)
                                              )
              Petitioner,                     )    **ORDER**
                                              )
vs.                                           )
                                              )
Robert E. Jolicover, et al.,                  )
                                              )
              Defendants.                     )
                                              )
_____ )

        Petitioner Martin Moreno Ruiz, who is confined in the Otero County Prison Facility
in Chaparral, New Mexico, has filed a *pro se* "Writ of Habeas Corpus Pursuant to 28 U.S.C.
2241 and 28 U.S.C. 2255" (the Petition).  The Court will dismiss the Petition because venue
is improper in the District of Arizona.

**I.      Lack of Venue**

        Although Petitioner is confined in New Mexico and is suing the United States Bureau
of Immigration and Customs Enforcement and its Field Officer Director in Texas, Petitioner
has filed this lawsuit in the District of Arizona.  He has done so because he alleges that he
has had "a lot [of] legal problems with the Clerk Officers of the United States District Court
of Texas[,] Wester[n] District[,] El Paso Division and the United States District Court of New
Mexico" and he does not "trust those two (2) Districts [because] they are together with the
Defendants."

Dockets.Justia.com

The Court may raise *sua sponte* the issue of venue when the defendants have not yet filed a responsive pleading and the time for doing so has not yet run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). "Generally, motions to contest the legality of the sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Petitioner does not allege, and this Court has found nothing to suggest, that he was sentenced in the District of Arizona, and this Court is not the custodial court.

Even if this lawsuit, which appears to challenge the conditions of Petitioner's confinement, could be construed as a civil rights lawsuit brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), venue would not be appropriate here. None of the defendants resides here, none of the events giving rise to Petitioner's claims occurred here, Petitioner does not reside here, and Petitioner has not suggested that any defendant could be found in Arizona. See 28 U.S.C. § 1391(b) (venue for civil actions not founded solely on diversity of citizenship) and (e) (venue for civil actions in which a defendant is an officer, employee, or agency of the United States). Petitioner's reference to 28 U.S.C. § 1391(d) is inapplicable; that subsection refers to where an alien may be sued, not where an alien may sue. Venue is inappropriate in the District of Arizona.

**II.     Transfer or Dismissal**

When venue has been laid in the wrong district, the Court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer is within the Court's discretion. Cook v. Fox, 537 F.2d 370, 371 (9th Cir. 1976).

The Court will not transfer this case to another division because it is not clear where the action could have been brought. It is unclear whether Petitioner intends to bring this action pursuant to § 2241, § 2255, or Bivens. Resolution of that issue would impact the proper venue for this case. See Hernandez, 204 F.3d at 865 ("[T]he proper district for filing

1  a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255.").

2  Accordingly, this action will be dismissed.

3       **IT IS ORDERED** that this case is **dismissed without prejudice.**  The Clerk of Court

4  should enter judgment accordingly.

5       DATED this 17th day of April, 2007.

6

7

8  _____

9                     David G. Campbell
              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28