MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Moreno Ruiz, | No. CV 07-743-PHX-DGC (JJM) |
| Petitioner, | **ORDER** |
| vs. | |
| Robert E. Jolicover, et al., | |
| Defendants. | |

On April 9, 2007, Petitioner Martin Moreno Ruiz, who is confined in the El Paso Service Processing Center in El Paso, Texas, filed a *pro se* "Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 and 28 U.S.C. 2255" (the Petition) (Doc. #1). In an April 18, 2007 Order (Doc. #3), the Court dismissed the Petition because venue does not lie in the District of Arizona. The Clerk of Court entered judgment accordingly (Doc. #4).

On April 20, 2007, Petitioner filed a document entitled "Expanding - amendment of complaint" (Doc. #5). In that document, which appeared to have been mailed before judgment was entered in this case, Petitioner sought to expand or amend his Petition pursuant to Rule 15 of the Federal Rules of Civil Procedure. In an April 30, 2007 Order (Doc. #6), the Court stated that nothing in the document altered the Court's conclusion that venue is inappropriate in this District and that the case should be dismissed rather than transferred.

1    On April 30, 2007, Petitioner filed a "Motion for Reconsideration [of the] Order dated

2    this 17th day of April, 2007 and Judgment dated this 18th day of April, 2007" (Doc. #7) and

3    a "Petition for a Temporary Restraining Order" (Doc. #8).

4    **I.    Motion for Reconsideration**

5    "Motions to reconsider are appropriate only in rare circumstances." <u>Defenders of</u>

6    <u>Wildlife v. Browner</u>, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Courts in this District have

7    identified four circumstances where a motion for reconsideration will be granted: (1) the

8    moving party has discovered material differences in fact or law from those presented to the

9    Court at the time of its initial decision, and the party could not previously have known of the

10    factual or legal differences through the exercise of reasonable diligence; (2) material factual

11    events have occurred since the Court's initial decision; (3) there has been a material change

12    in the law since the Court's initial decision; or (4) the movant makes a convincing showing

13    that the Court failed to consider material facts that were presented to the Court at the time

14    of its initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D.

15    581, 586 (D. Ariz. 2003). Such motions should not be used for the purpose of asking a court

16    "'to rethink what the court had already thought through – rightly or wrongly.'" <u>Defenders</u>

17    <u>of Wildlife</u>, 909 F. Supp. at 1351 (<u>quoting</u> <u>Above the Belt, Inc. v. Mel Bohannan Roofing,</u>

18    <u>Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

19    The Court has considered Petitioner's motion for reconsideration and finds no basis

20    to alter its Order. Venue is not appropriate here.

21    **II.    Petition for Temporary Restraining Order**

22    Because the Court has dismissed this case based on improper venue and entered

23    judgment, the Court will deny as moot the petition for temporary restraining order.

24    **IT IS ORDERED:**

25    (1)    Petitioner's Motion for Reconsideration (Doc. #7) is **denied**.

26    (2)    Petitioner's Petition for Temporary Restraining Order (Doc. #8) is **denied as**

27    **moot**.

28

1    (3)    This case remains **dismissed without prejudice**.  This case must remain

2    closed.

3    (4)    The Clerk of Court **must not** accept further filings in this case **except** those in

4    furtherance of an appeal.

5    DATED this 15th day of May, 2007.

6

7

8    _____

9    David G. Campbell
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28